```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
           SOUTH BEND DIVISION
```

RICHARD DOBESKI,           )
                           )
Petitioner,                )
                           )
vs.                        )    CAUSE NO. 3:12-CV-473
                           )
SUPERINTENDENT,            )
                           )
Respondent.                )

## OPINION AND ORDER

This matter is before the Court on an amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Richard Dobeski, a *pro se* prisoner. (DE # 14.) The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. For the reasons set forth below, the petition (DE # 14) is **DISMISSED WITH PREJUDICE** as untimely, and the petitioner is **DENIED** a certificate of appealability.

BACKGROUND

As an initial matter, the Court notes that an order granting Dobeski additional time to amend his petition appears to have crossed in the mail with his amended petition. (DE # 14, 15.) The amended petition presently before the Court cures the deficiencies

in his prior pleading, and no further amendments are necessary for the Court to conduct the necessary screening under RULE 4.

According to the amended petition, Dobeski was convicted of one count of child molestation and one count of possession of child pornography.[1] (DE # 14 at 1.) In 2008, he was sentenced to an aggregate term of 11 years in prison.(*Id.*) He appealed, and on March 16, 2009, the Indiana Court of Appeals affirmed in all respects. *Dobeski v. State*, No. 46A03-0806-CR-331 (Ind. Ct. App. Mar. 16, 2009); *Dobeski v. State*, No. 46A04-0811-CR-682 (Ind. Ct. App. Mar. 16, 2009). His petition to transfer was denied in June 2009, and he did not seek review in the U.S. Supreme Court. (DE # 14 at 1.) In October 2011, Dobeski filed a post-conviction petition in state court. (*Id.*) The petition was denied in January 2012, and he did not appeal. (*Id.* at 2.)

On August 21, 2012, Dobeski tendered a federal petition to prison officials for mailing. (DE # 1 at 10.) The petition was stricken due to numerous deficiencies. (DE # 3, 8.) He filed an amended petition, which was also stricken. (DE # 11.) Thereafter, Dobeski filed the present petition raising 44 different claims, including multiple Fourth Amendment claims challenging the search of his home; multiple claims of judicial bias; multiple claims of prosecutorial misconduct, including that the prosecutor failed to

---

[1] Dobeski states that the two charges were bifurcated and tried separately.(DE # 14 at 1.)

file an appearance and committed "legal malpractice"; a challenge to his pre-trial bond; errors in the post-conviction proceedings; and multiple claims of ineffective assistance of counsel. (DE # 14 at 2-34.)

DISCUSSION

Dobeski's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been

> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Upon review, Dobeski's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply.

In Dobeski's direct appeal, the Indiana Supreme Court denied transfer in June 2009 (DE # 14 at 1), and his conviction became final when the time for seeking review in the U.S. Supreme Court expired 90 days later. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (if petitioner did not file petition for *certiorari*, conviction becomes final and one-year statute of limitations begins running when the time for seeking review in the U.S. Supreme Court expires). He had one year from that date---or until September 2010---to seek federal habeas relief. He did not do so. Although he filed a state post-conviction petition in October 2011, the federal deadline had already expired by that time. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state proceeding that does not begin until the federal year has expired is irrelevant" for purposes of 28 U.S.C § 2244(d)(2)).

4

Additionally, he waited eight more months after the post-conviction proceedings concluded to file his federal petition. (DE # 1.) His petition was thus filed well beyond the one-year deadline.

Dobeski does not raise any basis for excusing the untimeliness of his petition, and instead he appears to believe his petition was timely filed. In response to Question 16, where the petitioner is asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Dobeski states: "This petition is timely because Petitioner has maintained attempts for fight [sic] the sentence with the most recent denial occurring less than one year ago (denial Jan. 11, 2012)[.]" (DE # 14 at 34). Although unclear, he appears to believe that he had one year from the date the post-conviction proceedings came to a conclusion to seek federal habeas relief. This is incorrect, and instead the one-year limitations period began running in 2009 when his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Contrary to his assumption, the state post-conviction proceedings did not "open a new window for federal review," nor did they "reset the federal clock." *DeJesus*, 567 F.3d at 942-43. Accordingly, Dobeski's petition is untimely and must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make

5

a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Dobeski's habeas petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Dobeski to proceed further. Accordingly, the Court declines to issue him a certificate of appealability.

CONCLUSION

For the reasons set forth above, the petition (DE # 14) is **DISMISSED WITH PREJUDICE** as untimely, and the petitioner is **DENIED** a certificate of appealability.

**DATED: February 21, 2013**     /s/RUDY LOZANO, Judge
                                 **United States District Court**